```
ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL (STATE BAR #50246)
220 Montgomery Street, Suite 303
San Francisco, CA 94104
Telephone:  (415) 392-5431
Facsimile:  (415) 392-1978
```

Attorneys for Plaintiffs

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 07 2739 BZ

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE SAN MATEO HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES WELFARE FUND; and PENSION FUND; SHERRI CHIESA, TRUSTEE, <br><br> Plaintiffs, <br><br> vs. <br><br> H. YOUNG ENTERPRISES, INC., a corporation, and HOWARD YOUNG individually and doing business as JUST DESSERTS <br><br> Defendants. | NO. <br><br> **COMPLAINT** |

Plaintiffs complain of defendants and for a cause of action allege that:

1. Jurisdiction of this Court is founded upon Section 301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. §185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. §1132), in that defendants have violated a collective bargaining agreement and certain Trust Agreements, thereby violating provisions of ERISA and the provisions of the National Labor Relations Act of 1947. This action is also brought pursuant to the Federal

COMPLAINT
1

1 | Declaratory Judgment Act (28 U.S.C. § 2201 et seq.) in a case of
2 | actual controversy between plaintiffs and defendants, and for a
3 | Judgment that defendants pay fringe benefit contributions in
4 | accordance with its contractual obligations.

5 |     2.   Plaintiffs, BOARD OF TRUSTEES OF THE SAN MATEO HOTEL
6 | EMPLOYEES AND RESTAURANT EMPLOYEES WELFARE FUND (hereinafter "TRUST
7 | FUNDS"), named in the caption, are trustees of and Pension Fund
8 | employee benefit plans within the meaning of §§3(1) and (3) and
9 | §502(d)(1) of ERISA, 29 U.S.C. §1002(1) and (3) and §1132(d)(1), and
10 | a multi employer plan within the meaning of §§3(37) and 515 of ERISA,
11 | 29 U.S.C. §§1002(37) and §1145. Plaintiff SHERRI CHIESA is a Trustee.
12 | Said TRUST FUNDS are authorized to maintain suit as independent legal
13 | entities under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

14 |     3.   Plaintiffs are informed and believe and thereupon
15 | allege that defendants, H. YOUNG ENTERPRISES, INC., a corporation, and
16 | HOWARD YOUNG individually and doing business as JUST DESSERTS, reside
17 | and do business in San Francisco, California. Performance of the
18 | obligations to pay fringe benefits set forth in the collective
19 | bargaining agreement is in this judicial district. ERISA specifically
20 | authorizes Trust Funds to bring this action in the district where the
21 | plans are administered, 29 U.S.C. §1132(e)(2); the plans are
22 | administered in the Northern District of California.

23 |     4.   Each and every defendant herein is the agent of each
24 | and every other defendant herein. Defendant and each of them are
25 | engaged in commerce or in an industry affecting commerce.

26 |     5.   At all times pertinent hereto defendants were bound by
27 | a written collective bargaining agreement with Hotel Employees &
28 | Restaurant Employees Local No. 340, a labor organization in an

1 | industry affecting commerce.  The aforesaid agreement provides that
2 | defendants shall make contributions to the TRUST FUNDS on behalf of
3 | defendants' employees on a regular basis on all hours worked, and that
4 | defendants shall be bound to and abide by all the provisions of the
5 | Trust Agreement.

6.  The Trust Funds rely upon a self reporting system. Defendants have unique knowledge of the amounts of contributions that it is liable to pay each month, and has a fiduciary obligation to accurately report the amount to the Trust Funds.

7.  Defendants have breached both the provisions of the collective bargaining agreement and the Trust Agreement above referred to by failing to complete and send in monthly reports and/or to pay all moneys due thereunder on behalf of defendants' employees to the TRUST FUNDS.  Said breach constitutes a violation of ERISA (29 U.S.C. 1002, et seq.) and of the National Labor Relations Act of 1947.

8.  Pursuant to the terms of the collective bargaining agreement there is now due, owing and unpaid from defendants to the TRUST FUNDS contributions due for the months of December 2006, January 2006 and February 2006 and liquidated damages and interest which are specifically provided for by said agreements.  The total amount due is unknown; additional amounts may become due during the course of this litigation and in the interest of judicial economy, recovery of said sums will be sought in this case.  Interest is due and owing on all principal amounts due and unpaid at the legal rate from the dates on which the principal amounts due accrued. The total amount due in this paragraph is unknown at this time, except to defendants.

9.  Demand has been made upon said defendants, but defendants have failed and refused to pay the amounts due the TRUST

1 FUND or any part thereof; and there is still due, owing and unpaid
2 from defendants the amounts set forth in Paragraph 8 above.
3    10.  An actual controversy exists between plaintiffs and
4 defendants in that plaintiffs contend that plaintiffs are entitled to
5 a timely monthly payment of trust fund contributions now and in the
6 future pursuant to the collective bargaining agreement and the Trust
7 Agreement, and defendants refuse to make such payments in a timely
8 manner.
9    11.  The Trust Funds do not at this time seek to audit the
10 books and records of defendants.  The only issue raised in this
11 complaint is defendants' failure to complete and file voluntary
12 monthly reports and pay the contributions due.  The Trust Funds seek
13 to obtain a judgment for any outstanding delinquent contributions
14 based on defendants' reports and to reserve the right to audit
15 defendants for this or any other unaudited period.
16    12.  The Trust Agreements provide that, in the event suit
17 is instituted to enforce payments due thereunder, the defendants shall
18 pay court costs and a reasonable attorneys' fee.  It has been
19 necessary for plaintiffs to employ ERSKINE & TULLEY, A PROFESSIONAL
20 CORPORATION, as attorneys to prosecute the within action, and a
21 reasonable attorneys' fee should be allowed by the Court on account
22 of the employment by plaintiff of said attorneys.
23    WHEREFORE, plaintiff prays:
24    1.  That the Court render a judgment on behalf of plaintiffs
25 for all contributions due and owing to the date of judgment based upon
26 unaudited reporting forms, plus liquidated damages provided for by the
27 contract, interest at the legal rate, reasonable attorneys' fees
28 incurred in prosecuting this action and costs.

COMPLAINT
4

     2.   That the Court enjoin the defendants from violating the terms of the collective bargaining agreement and the Trust Agreements for the full period for which defendants are contractually bound to file reports and pay contributions to the TRUST FUND.

     3.   That the Court reserve plaintiffs' contractual right to audit defendants for months prior to judgment, and in the event of such audit, collect any additional sums which may be due.

     4.   That the Court retain jurisdiction of this cause pending compliance with its orders.

     5.   For such other and further relief as the Court deems just and proper.

DATED: May 24, 2007

ERSKINE & TULLEY
A PROFESSIONAL CORPORATION

By: _____
Michael J. Carroll
Attorneys for Plaintiffs